UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>BETH P. GESNER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-4288 |

January 16, 2013

Vincent J. Piazza, Esquire
The Disability Law Center of Robert S.
  Piazza, Jr.
6716 Harford Road
Baltimore, MD 21234

Alex S. Gordon, Assistant United States Attorney
Office of the United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, MD 21201

      Subject:  <u>Vernice Ellison v. Astrue</u>
               Civil Action No.: BPG-11-3485

Dear Counsel:

      Pending before this court, by the parties' consent (ECF Nos. 6, 7), are Cross-Motions for Summary Judgment (ECF Nos. 14, 18), concerning the Commissioner's decision denying plaintiff Vernice Ellison's claim for Supplemental Security Income ("SSI"). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); see Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). No hearing is deemed necessary. Loc. R. 105.6. For the reasons noted below, defendant's Motion (ECF No. 18) is GRANTED and plaintiff's Motion (ECF No. 14) is DENIED.

      On March 23, 2009, plaintiff filed a claim for SSI, alleging an onset date of November 23, 2008. (R. at 143.) Plaintiff's claim was denied initially, and upon reconsideration. (R. at 44, 74-79.) After a hearing before an Administrative Law Judge ("ALJ"), plaintiff amended her alleged onset date to December 1, 2009. (R. at 156.) On April 29, 2011, the ALJ issued a decision denying plaintiff's claims. (R. at 44-52.) The ALJ followed the five-step sequential analysis set forth in 20 C.F.R. § 416.920 (2011). At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date of March 23, 2009. (R. at 46.) At step two, the ALJ determined that plaintiff had the following severe impairments: bipolar disorder and substance abuse. (R. at 46.) At step three, the ALJ found that plaintiff's impairments, including substance abuse disorder, met or medically equaled Listings 12.04 and 12.09. (R. at 46-48.) The ALJ found, however, that if plaintiff stopped using drugs, plaintiff's remaining severe bipolar disorder impairment would not meet or equal any Listing. (R. at 48-49.) At step four, the ALJ determined that plaintiff's Residual Functional Capacity ("RFC") would allow her to perform a full range of work with certain nonexertional limitations. (R. at 49-50.) Finally, at step five, the ALJ determined that, in light of plaintiff's age, education, work experience, and RFC, there were a significant number of jobs available in the national economy that plaintiff could perform. (R. at 51.) The ALJ, accordingly, found that plaintiff was not disabled. (R. at 52.)

      Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred by

Ellison v. Astrue
Civil Action No.: BPG-11-3485
January 16, 2013
Page 2

failing to elicit testimony from a vocational expert in establishing that significant jobs were available to plaintiff; (2) the ALJ's residual functional capacity findings were incomplete and not based on substantial evidence; (3) the ALJ failed to give controlling weight to the treating psychiatrist's opinion; and (4) the ALJ erred by finding that substance abuse was a contributing factor material to the disability determination.  For the reasons that follow, each of plaintiff's arguments fails.

First, the ALJ did not err by relying on the Medical-Vocational Guidelines (the "Grids"), 20 C.F.R.§ 416.969, without testimony from a Vocational Expert ("VE").  A claimant's nonexertional limitations preclude the use of the Grids and require VE testimony "only when the limitations are significant enough to prevent a wide range of gainful employment at the designated level."  Mackall v. Astrue, No. PWG-08-3312, 2010 WL 3895345, at *1 (D. Md. Sept. 30, 2010).  The ALJ determined that plaintiff had no exertional limitations, meaning she can perform the full range of work at all exertional levels.  (R. at 49.)  The ALJ also concluded that plaintiff's nonexertional limitations "have little to no effect on" her RFC to perform jobs of which she is exertionally capable.  (R. at 51.)  It was not necessary for the ALJ to seek the assistance of a VE because the nonexertional limits for which the ALJ found evidence in the record do not significantly erode plaintiff's occupational base.  Mackall, 2010 WL 3895345, at *2.  Therefore, the ALJ did not err by relying only on the Grids, with no VE testimony.

Plaintiff next argues that the ALJ made incomplete RFC findings.  Plaintiff's argument is flawed for two reasons.  First, plaintiff argument that the ALJ's analysis was inadequate appears to be based only on the bold-faced heading at the beginning of the RFC findings.  (R. at 49.)  The text of the ALJ's opinion, however, adequately addressed each aspect of plaintiff's RFC.  The ALJ cited medical evidence which addressed plaintiff's ability to understand and remember instructions ("good ability to understand, remember and carry out simple instructions"), use judgment in making work-related decisions ("intact insight and judgment, and was alert and oriented"), and respond appropriately to supervision, co-workers and usual work situations ("got along well with people and denied any past difficulties with coworkers or supervisors").  (R. at 48-50.)  Second, plaintiff erroneously argues that the ALJ failed to weigh the mental RFC assessment of the Disability Determination Service examiner, completed on August 24, 2009.  (R. at 232-34.)  In fact, the ALJ explicitly considered this evidence, noting that the mental RFC assessment was "given significant weight because it is generally consistent with the record evidence as discussed above, to the extent opinions pertain to periods of sobriety."  (R. at 50.)  There was no error because the ALJ's analysis makes clear that the RFC finding was based on substantial evidence.

Plaintiff's third argument, that the ALJ should have given controlling weight to the opinion of Dr. Woodruff, plaintiff's treating physician, is similarly flawed.  Under the "treating physician rule," the ALJ must generally give more weight to a treating physician's opinion, see 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), but where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be

afforded significantly less weight.  Craig, 76 F.3d at 590.  Moreover, the ALJ is never required to give controlling weight to a treating physician's opinion on the ultimate issue of disability.  20 C.F.R. § 404.1527(e).

The ALJ considered Dr. Woodruff's opinion that plaintiff would have the same work-related limitations, even absent substance abuse, but afforded it little weight.  (R. at 50.)  The ALJ reasoned that Dr. Woodruff's opinion was "inconsistent with the overall record evidence," and "was based on incorrect information . . . that the claimant had been sober since October 2009, which is not true."  (R. at 50.)  Because the treating source opinion was unsupported by, and inconsistent with, substantial evidence, the ALJ did not err in giving it little weight.  Craig, 76 F.3d at 590.

Fourth, plaintiff argues that it was error for the ALJ to find that plaintiff would not be disabled if she stopped her substance abuse.  An SSI claimant cannot be found to be disabled if alcoholism or drug addiction is a contributing factor that is material to the disability determination.  42 U.S.C. § 1382c(a)(3)(J).  The ALJ considered plaintiff's testimony at the hearing that she was unable to keep a job because of her drug abuse.  (R. at 50.)  The ALJ also noted that plaintiff claimed to be clean despite positive drug tests after the amended onset date.  (R. at 47-48, 50.)  Based on the findings of the consultative psychiatric report, the ALJ determined that plaintiff's "functioning improves significantly during periods of sustained abstinence."  (R. at 50.)  The ALJ's conclusion that plaintiff's substance abuse was a contributing factor material to the disability determination was supported by substantial evidence.  (R. at 51.)  Therefore, there was no error in the ALJ's determination that plaintiff was not disabled at any time from the application date.

For the reasons stated above, defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED and plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

                                                Very truly yours,

                                                /s/
                                                Beth P. Gesner
                                                United States Magistrate Judge